J-S04016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIEL WALIQUE DOYLE | |
| Appellant | No. 1153 MDA 2020 |

Appeal from the PCRA Order entered August 11, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002116-2017

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 12, 2021**

Appellant, Jamiel Walique Doyle, appeals from the order entered in the Dauphin County Court of Common Pleas on August 11, 2020, dismissing Appellant's petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In addition, his counsel has filed an application to withdraw.  Upon review, we affirm the PCRA court's order and grant counsel's application to withdraw.

Following a December 3, 2018 bench trial, Appellant was found guilty of aggravated assault and not guilty of criminal mischief, charges that stemmed from a March 3, 2017 altercation outside a Susquehanna Township bar.  On January 28, 2019, the trial court imposed a sentence of 50 to 120 months in prison.  Counsel informed the court that she would advise Appellant of his post-sentence rights.  Thereafter, Appellant did not file a direct appeal.

On October 4, 2019, Appellant filed a timely *pro se* first PCRA petition. Counsel was appointed and filed an amended petition alleging trial counsel ineffectiveness for failing to file a motion for reconsideration of sentence or a direct appeal. An evidentiary hearing was conducted by videoconference on August 6, 2020. As the court explained:

> At the PCRA hearing, [Appellant] testified that after his sentencing hearing he and [trial counsel] spoke on the way out of the courtroom regarding a direct appeal. He indicated that when he asked [trial counsel] if he could appeal, she told him that it could result in getting more jail time because the judge gave him a break regarding sentencing. [Appellant] did not reach out to [trial counsel] again personally, but he had [his fiancée] reach out to her. [Appellant] testified that [his fiancée's] discussion with [trial counsel] resulted in an indication that if [Appellant] were to file a post-sentence motion, his penalty could potentially get worse.
>
> [Appellant's fiancée] testified at the hearing and confirmed that she had spoken to [trial counsel] after [Appellant] had been sentenced. [Appellant's fiancée] attested that [trial counsel] indicated that filing an appeal could get [Appellant] more prison time. [Appellant's fiancée] testified that she told [trial counsel] that "we didn't want to get more time and that I would speak to [Appellant] about it. And we had decided not to because we didn't want more time."

PCRA Court Opinion, 12/22/20, at 2-3 (references to notes of testimony omitted). Trial counsel also testified at the hearing. She testified that she explained post-sentence rights to Appellant on the day of his hearing and discussed the time limitations for filing an appeal. Appellant did not instruct her to file an appeal and she did not speak with Appellant again about filing an appeal. However, counsel did speak with Appellant's fiancée and advised her there were no guarantees Appellant would receive a mitigated sentence—

as he did following his bench trial—if he appealed and received a new trial. Appellant's fiancée said she would talk with Appellant but "they were not inclined to file an appeal." *Id.* at 3. Counsel "never heard back from either [Appellant or his fiancée] about filing an appeal." *Id.*

Based on the testimony presented at the hearing, and in light of Appellant's failure to demonstrate that he requested counsel to file an appeal, the PCRA court denied the petition. This timely appeal followed. The PCRA court directed counsel to file a Rule 1925(b) statement. In response, counsel filed a representation under Pa.R.A.P. 1925(d)(3) that no errors were being asserted and counsel intended to seek to withdraw under ***Anders/Santiago***.[1-2] The PCRA court issued its Rule 1925(a) opinion on December 22, 2020, explaining that Appellant could not demonstrate ineffectiveness for failing to file an appeal because he did not ask trial counsel to file one.

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] The PCRA court noted that, in response to the court's Rule 1925(b) order, Appellant "filed numerous *pro se* statements of issues for appeal, along with other motions and correspondence. It is well-established that a defendant is not entitled to file *pro se* documents while represented by counsel." PCRA Court Opinion, 12/22/20, at 2 n.2 (citations omitted).

Initially, we note that "[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa. Super. 2019) (citation omitted).

In this appeal, Appellant's counsel has filed an **Anders** brief[3] and an application to withdraw. The **Anders** brief renews the challenge asserted below, *i.e.*, whether the [PCRA] court abused its discretion when it "improperly dismissed [Appellant's] PCRA claim." Appellant's Brief at 7. Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires that counsel to do the following.

> Prior to withdrawing as counsel . . . under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

---

[3] As this Court has recognized, a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), is the appropriate filing when counsel seeks to withdraw on appeal from denial of PCRA relief. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). "Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id.** (citation omitted).

> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (quoting **Santiago**, 978 A.2d at 361) (additional citation omitted).

Counsel's brief complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**.[4] All of **Anders**' requirements are satisfied.

Appellant argues that the PCRA court abused its discretion when it denied his PCRA petition, which claimed trial counsel ineffectiveness for failing to file a direct appeal. Appellant cites case law establishing that counsel is *per se* ineffective if a defendant establishes that the defendant asked counsel to file an appeal and the request was disregarded. Appellant's Brief at 11 (citing

---

[4] Appellant has not availed himself of the rights listed in **Orellana** and outlined in counsel's letter.

*Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999)). Further, if a request for direct appeal is ignored by counsel, the defendant should be granted an appeal *nunc pro tunc*. *Id.* at 12 (citing *Commonwealth v. Bronaugh*, 670 A.2d 147, 149 (Pa. Super. 1995)).

While an ignored request to file an appeal warrants relief, the evidence here establishes that Appellant did not request that trial counsel file an appeal. As Appellant acknowledges:

> The testimony reflected that trial counsel properly advised Appellant and [his fiancée] regarding the procedures for filing a direct appeal but also the potential pitfalls for filing a direct appeal. It was established through [the fiancée's] testimony that after consultation with trial counsel, the Appellant elected not to file a direct appeal.

*Id.* at 13.

The PCRA court concluded that Appellant did not ask trial counsel to file an appeal. PCRA Court Opinion, 12/22/20, at 4. "This finding is supported by the record as reflected in [trial counsel's] testimony and credited by this court. Further, [Appellant's fiancée] indicated that [Appellant] had decided against an appeal. Thus, [Appellant's] claim lacks merit." *Id.* (some capitalization omitted).

We have examined the evidence of record and find it supports the PCRA court's determination. Further, we conclude the court's decision is free of legal error. Therefore, we affirm the August 11, 2020 order denying Appellant's petition. Further, we grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2021